```
_____FILED          _____RECEIVED
_____ENTERED        _____SERVED ON
              COUNSEL/PARTIES OF RECORD

           NOV 0 1 2019

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY:_____ DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-363-APG-EJY |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| SHAUN PATRICK ANDERSON, | |
| Defendant. | |

This Court finds Shaun Patrick Anderson pled guilty to Count One through Six of a Six-Count Criminal Indictment charging him in Count One with possession of fifteen or more counterfeit or unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3); in Count Two with use or trafficking in unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2); and in Counts Three through Six with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(4). Criminal Indictment, ECF No. 1; Plea Agreement, ECF No. __; Change of Plea, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Criminal Indictment and the offenses to which Shaun Patrick Anderson pled guilty. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. __; Plea Agreement, ECF No. __; Change of Plea, ECF No. __.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), and 1028A(a)(1) with 1028A(c)(4), or a conspiracy to commit such

offenses; (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), and 1028A(a)(1) with 1028A(c)(4), or a conspiracy to violate such offenses; and (3) any personal property used or intended to be used to commit the violation of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), 1028A(a)(1) with 1028A(c)(4), and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 1029(c)(1)(C) with (c)(2); and 21 U.S.C. § 853(p):

1. Miscellaneous paperwork;
2. Miscellaneous cards/debit cards/credit cards;
3. Printed out show tickets;
4. Canon P110 printer, serial number ADVR64279;
5. Epson ET4550 printer;
6. Nokia 810 cell phone (screen cracked/damaged), IMEI: 354591050902980;
7. Blu R1 Plus cell phone, serial number 4030016017021477;
8. Samsung Galaxy Note 5 cell phone (screen cracked/damaged), IMEI: 990007018670189;
9. Apple iPhone Model A1387 (screen cracked/damaged), FCCID: BCG-E2430A;
10. Check stock;
11. USB thumb drive;
12. Sierra 4G LTE wireless mifi VZ;
13. Blue Silver Microsoft Surface Pro 3, Model 1631, with attached blue Seagate Hard Drive;
14. Mac Mini Apple computer, serial number C07G10HXDJY7;
15. HP Pavilion Detachable PC, serial number 5CD6035Q5S;
16. $1,132 in USC;
17. Gold plated $100 bill;

2

18. Gold Coins dated 1908, 1878, and 1903;

19. Silver Coin dated 1977;

20. 8 vials of gold flakes;

21. Bally's 100 Chip;

22. Broken white cell phone (no identifying marks);

23. ATT Alcatel Phone serial number B79698F8, IMSI: 310410958464235;

24. ATT Alcatel Phone serial number 1E51CA, IMSI: 310410048057561;

25. Apple iPhone 6S Rose Gold, Model A1634;

26. Apple iPhone SE IMEI: 358633072642255;

27. Blu G110Q Cellphone Serial Number: 1030021017146963;

28. Apple iMac Computer Serial Number: C0ZFKW12ZDHJF;

29. Alcatel Cell phone IMEI: 014802006778206;

30. Apple iPhone 8GB Black Model A1241;

31. ZTE N 9130 Cell Phone Serial Number: 327B528938BF;

32. ZTE X500 Cell Phone MEID Hex: A0000032245175;

33. LG Cell Phone Serial Number: 608CYMR489907;

34. LG-M160 Serial Number: 707CQMR489907;

35. Seagate 750GB HDD Serial Number: 6VP9E88E;

36. Apple iPad Serial Number: DLX MR27VF4YD;

37. iFlash Device HD 64GB;

38. Blue HD 16GB Thumb Drive;

39. Gold USB Thumb Drive;

40. Intel Mini PC Model G2;

41. Alcatel Cell Phone;

42. Black ZTE Cell Phone;

43. Samsung SMJ/20A - Without Battery; and

44. Apple iPhone 8GB Black – With Cracked Screen

(all of which constitutes property)

3

1        and an in personam criminal forfeiture money judgment of $503,842.30, and that the

2 net sale proceeds of items 16 through 20 of the property will be applied toward the payment

3 of the money judgment.

4        This Court finds that the United States of America may amend this order at any time

5 to add subsequently located property or substitute property to the forfeiture order pursuant

6 to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

7        The in personam criminal forfeiture money judgment complies with *Honeycutt v.*

8 *United States*, 137 S. Ct. 1626 (2017).

9        This Court finds the United States of America is now entitled to, and should, reduce

10 the aforementioned property to the possession of the United States of America.

11        NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

12 DECREED that the United States of America should seize the aforementioned property.

13        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United

14 States of America recover from Shaun Patrick Anderson an in personam criminal forfeiture

15 money judgment of $503,842.30.

16        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory

17 rights, ownership rights, and all rights, titles, and interests of Shaun Patrick Anderson in the

18 aforementioned property are forfeited and are vested in the United States of America and

19 shall be safely held by the United States of America until further order of the Court.

20        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States

21 of America shall publish for at least thirty (30) consecutive days on the official internet

22 government forfeiture website, www.forfeiture.gov, notice of this Order, which shall

23 describe the forfeited property, state the time under the applicable statute when a petition

24 contesting the forfeiture must be filed, and state the name and contact information for the

25 government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6)

26 and 21 U.S.C. § 853(n)(2).

27        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual

28 or entity who claims an interest in the aforementioned property must file a petition for a

hearing to adjudicate the validity of the petitioner's alleged interest in the property, which

petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C §

853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's

right, title, or interest in the forfeited property and any additional facts supporting the

petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any,

must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,

Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was

not sent, no later than sixty (60) days after the first day of the publication on the official

internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the

petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States

Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice

described herein need not be published in the event a Declaration of Forfeiture is issued by

the appropriate agency following publication of notice of seizure and intent to

administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send

copies of this Order to all counsel of record and three certified copies to the United States

Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____November 1_____, 2019.

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on DATE, 2019.

/s/ Heidi L. Skillin
HEIDI L. SKILLIN
FSA Contractor Paralegal