UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHAUN PATRICK ANDERSON,<br><br>　　　　Defendant. | Case No. 2:17-cr-00363-APG-EJY<br><br>**ORDER GRANTING, IN PART, MOTION TO DISMISS OR FOR PRELIMINARY HEARING**<br><br>(ECF No. 128) |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHAUN PATRICK ANDERSON,<br><br>　　　　Defendant. | Case No. 2:21-cr-00178-APG-DJA<br><br>(ECF No. 84) |

　　　The Probation Office has filed a petition and two addenda charging Shaun Anderson with violating the conditions of his supervised release. Anderson moves to either dismiss the second addendum or hold a preliminary hearing on its allegations. ECF No. 128.[1] He claims the second addendum does not provide proper notice and does not support a finding of probable cause.

**A. The second addendum provides proper notice.**

　　　"The written-notice requirement is satisfied in a revocation proceeding when a defendant has been apprised in writing of both the underlying factual incident and the specific statute he or

---

[1] For ease, I reference the documents filed in Case No. 2:17-cr-00363. The motion to dismiss and related papers are identical to those filed in Case No. 2:21-cr-00178.

she is charged with violating." *United States v. Vasquez-Perez*, 742 F.3d 896, 899–900 (9th Cir. 2014) (finding that a petition provided proper notice where it "contended that Vasquez–Perez violated 8 U.S.C. § 1326 by illegally reentering the United States near Quijota, Arizona on or before August 21, 2011"). Anderson argues that *Vasquez-Perez* is distinguishable because the petition there listed all of the elements of the crime while the second addendum here does not. ECF No. 136 at 5-6.

But the petition in *Vasquez-Perez*, as quoted by Anderson in his reply brief, did not include all of the elements. ECF No. 136 at 6. For instance, it did not allege that "the defendant knowingly and voluntarily reentered the United States." *See* Ninth Cir. Model Jury Instr. 7.6. It did not allege that the defendant was "free from official restraint." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1191 n.3 (9th Cir. 2000); *see also* Ninth Cir. Model Jury Instr. 7.8. It did not even allege that the defendant was an alien. *See* Ninth Cir. Model Jury Instr. 7.6, 7.8. Nevertheless, that petition was deemed to provide sufficient notice.

Here, the second addendum notifies Anderson of the statutes he allegedly violated and the factual allegations. ECF No. 126. While Anderson argues that it does not identify his accuser (ECF No. 136 at 4-5), that information is not required. And at the February 27, 2025 hearing, the Probation Officer identified himself as the accuser. The second addendum provides adequate notice. I therefore deny Anderson's motion to dismiss the second addendum for lack of notice.

**B. I grant the motion for a preliminary hearing.**

Anderson was ordered detained under the petition and first addendum. ECF Nos. 123, 127. He waived his right to a preliminary hearing on those charges. ECF No. 124. The same day he waived that hearing, the Probation Office filed the second addendum. ECF No. 126. No

initial appearance or preliminary hearing has been held on the second addendum. Anderson now moves for a preliminary hearing on that charge.

The Ninth Circuit has held that "Rule 32.1's preliminary-hearing provisions are inapplicable when a revocation proceeding is initiated against a defendant who is already in custody on separate criminal charges . . . ." *Vasquez-Perez*, 742 F.3d at 899. "When a defendant facing revocation is already in custody on underlying charges, there is no immediate loss of liberty." *Id*. Due process concerns are lessened because the in-custody defendant would not be deprived of liberty by the new revocation proceeding. Similarly here, even if the Magistrate Judge decides that the second addendum does not justify detention, Anderson would remain in custody on the petition and first addendum.

Nevertheless, a preliminary hearing does more than just address custody. The Magistrate Judge must determine "whether there is probable cause to believe a violation has occurred." Fed. R. Crim. P. 32.1(b)(1)(A). If the Magistrate Judge determines no probable cause exists, the petition (or second addendum in this case) would be dismissed, subject to appeal to the District Judge. Thus, there may be some benefit to conducting a preliminary hearing in this case.[2]

////
////
////
////
////
////

---

[2] There also has been no initial appearance on the second addendum, to the extent one may be required. Fed. R. Crim. P. 32.1(a). I defer to the Magistrate Judge on that issue.

I THEREFORE ORDER that Anderson's motion to dismiss or for preliminary hearing **(ECF No. 128) is granted in part**. I order the Magistrate Judge to conduct a preliminary hearing (and an initial appearance if deemed necessary) on the second addendum (ECF No. 126). I deny Anderson's request to dismiss the second addendum.

DATED this 27th day of March, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE